UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALFRED WAHTOMY<br><br>　　　　Plaintiff<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent | Case No. 4:11-CV-00036-BLW<br>　　　　　4:08-CR-00096-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

Before the Court is Alfred Wahtomy's motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255, and the Government's motion to dismiss. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant the Government's motion to dismiss.

## BACKGROUND

On April 23, 2008, the Government filed charges against Wahtomy and Martin Auck, alleging that the two men sexually assaulted a young woman on the Fort Hall Shoshone Bannock Indian Reservation. More specifically, the Indictment charged both men with (1) aggravated sexual assault and (2) assault resulting in serious bodily injury. Following a trial, a jury returned a verdict of guilty against Wahtomy on both charges, and a verdict of guilty against Auck on a lessor-included offense.

On March 11, 2009, the Court sentenced Wahtomy to a term of imprisonment of

MEMORANDUM DECISION - 1

172 months on the first charge, and 120 months on the second, to be served concurrently and to be followed by 10 years of supervised release. Following sentencing, Wahtomy appealed this Court's order quashing his subpoena seeking to compel testimony from the tribal court judge who had signed the search warrant in his case. On June 9, 2010, the Ninth Circuit affirmed this Court's decision to "decline[] to permit Wahtomy to subpoena Judge Coby to inquire into her qualifications" because Wahtomy failed to proffer evidence that Judge Coby was biased or incapable of determining whether probable cause existed. *United States v. Wahtomy*, 2010 WL 2317964 (9th Cir. 2010) (unpublished disposition).

On February 3, 2011, Wahtomy timely filed the pending § 2255 motion alleging that his counsel was ineffective for failing: (1) to file a motion to suppress for lack of probable cause; (2) to challenge admission of incriminating statements; (3) to object to a Government stipulation; (4) to call Wahtomy to testify on his own behalf; (5) to move for severance; and (6) to make a plausible showing that the tribal court judge who issued the search warrant was biased. The Government moved to dismiss on the grounds that Wahtomy's ineffective assistance of counsel claims are without merit.

## LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of

the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

A response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). To withstand summary dismissal, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at

689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* And, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*). In evaluating the performance prong, the court should "assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman*, 477 U.S. at 381–82.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

## ANALYSIS

1. **Failure to File Motion to Suppress**

Wahtomy alleges that his counsel was ineffective because he failed to file a motion to suppress evidence obtained from a search warrant that lacked probable cause. To prevail on this claim, Wahtomy must prove (1) that his Fourth Amendment claim was meritorious, and (2) that there is a reasonable probability that the result of the proceeding would have been different absent the excludable evidence. *Kimmelman*, 477 U.S. at 375. However, such failure is not per se ineffective assistance of counsel. *Moore v. Czerniak*, 534 F.3d 1128, 1138 (9th Cir. 2008) (citing *Kimmelman*, 477 U.S. at 384). Rather, a prisoner must show "that his counsel's failure to file the meritorious motion to suppress 'fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688).

The affidavit supporting the warrant was signed by Criminal Investigator Joseph Roberts. Wahtomy alleges that Roberts failed to investigate or corroborate the victim's statements in his affidavit requesting a search warrant.

In response to that allegation, the Government filed the affidavit of Wahtomy's defense counsel at the time – Nick Vieth – who states that he reviewed and discussed the affidavit with Wahtomy prior to trial. *See Vieth Affidavit (Dkt. No. 9-1) at ¶ 2.* Vieth explains that he made a determination not to challenge the search warrant because sufficient probable cause existed for the issuance of the warrant. *Id.*

The Court agrees. Probable cause means a "fair probability" that contraband or evidence is located in a particular place. *U.S. v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007). Whether a fair probability exists "depends upon the totality of the circumstances, including reasonable inferences, and is a commonsense, practical question." *Id.* "Neither certainty nor a preponderance of the evidence is required." *Id.* Hearsay statements of the victim are presumed reliable. *United States v. Henderson*, 721 F.2d 662, 665 fn. 1 (9th Cir. 1983). However, the presumption of reliability does "not dispense with the requirement that the informant furnish underlying facts sufficiently detailed to cause a reasonable person to believe that a crime had been committed and the named suspect was the perpetrator." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir.1991).

Here, the victim gave specific details of the abuse. Investigator Roberts explained in his affidavit that the victim told an officer that Wahtomy had "beat her with a handle to a jack handle" and sexually assaulted her with a wooden dowel. *See Affidavit for Search Warrant (Dkt. No. 1)* at p. 6. The victim told the officer that she was bleeding, described the objects—a jack handle, a wooden dowel, and knifes—that had been used to assault her, and identified Wahtomy's residence as the location where these items and her blood-stained clothing could be found. *Id.* She was specific about where the items could be found in the residence: (1) The wooden dowel was "behind the couch in the living room area"; (2) The jack handle and knives were "placed in the dish washer"; and (3) her bloody clothing could be found in the bedroom "by the dining room." *Id.* She also

described the items' colors: The wooden dowel was tan and the jack handle was black. *Id.*

The victim clearly gave statements "sufficiently detailed to cause a reasonable person to believe that a crime had been committed and the named suspect was the perpetrator." *Fuller*, 950 F.2d at 1444. Based on "the totality of the circumstances, including reasonable inferences," Investigator Roberts had a sufficient basis to believe that a crime had been committed and Wahtomy was the perpetrator. *Kelley*, 482 F.3d at 1050. He had a sufficient basis to believe that the dowel, bloody clothing, and knives used in the assault were inside Wahtomy's residence. The warrant was therefore supported by probably cause, and Wahtomy's claim that his counsel was ineffective for failing to file a motion to suppress is without merit.

### 2. Failure to Challenge Admission of Statements

Wahtomy next argues that his counsel was ineffective for failing to suppress statements he made to police on the ground that he was highly intoxicated at the time and not given his *Miranda* warnings. Prior to trial, Vieth discussed these issues with Wahtomy and determined that there was no legal basis for exclusion of the statements. *See Vieth Affidavit, supra,* at ¶ 2. The Court agrees..

A defendant's waiver of *Miranda* rights "must be voluntary, and it must be knowing and intelligent." *Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008). "The crucial inquiry into voluntariness is whether the police conduct was coercive." *Id.* For a

waiver to be knowing and intelligent, it must be "the product of a rational intellect and a free will." *Gladden v. Unsworth*, 396 F.2d 373, 380–81 (9th Cir. 1968).

The evidence is overwhelming that Wahtomy's waiver of rights was voluntary. He signed an "Advise of Rights" form prior to speaking with the police. *See Advise of Rights (Dkt. No. 9-2)*. The form contained the full *Miranda* warning. *Id.* Additionally, the audio tape of Wahtomy's conversation with the police shows that Wahtomy was read his *Miranda* rights, understood them, and agreed to speak with the police voluntarily. *See Exhibit D (Dkt. No. 9-4)*. Wahtomy offers no evidence that he was coerced into waiving his *Miranda* rights or that the police overreached.

Wahtomy claims that his statements were not made knowingly because hospital records show that his blood alcohol level was above the legal limit at the time the police interviewed him. Wahtomy has produced no hospital records to support this claim. Even if true, intoxication does not preclude voluntariness unless it reaches the level of incapacitation that overcomes the defendant's free will. *See Medeiros v. Shimoda*, 889 F.2d 819, 823 (9th Cir.1989). The recording of the interview shows that Wahtomy was alert, cooperative, coherent, and was able to provide accurate personal information to the police. *See Exhibit D (Dkt. No. 9-4)* at 0:01-39:42. Therefore, the Court finds that defense counsel acted reasonably when he determined not to seek to suppress Wahtomy's statements. Furthermore, there is no prejudice resulting from counsel's determination. Even if defense counsel had moved to suppress the statements, the Court would not have granted the motion because the statements were made voluntarily and knowingly.

### 3. Failure to Object to a Government Stipulation

Wahtomy next argues that his counsel's consent to a government stipulation of the location of the crime constituted ineffective assistance of counsel. A decision to consent to a stipulation is typically a strategic choice. *Strickland*, 466 U.S. at 688. "Strategic choices as to how to defend a case are 'virtually unchallengeable.'" *Id.* at 690. The Court need only find that counsel's performance fell within a "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Here, defense counsel chose not to challenge the facts stipulated by the government because it did not prejudice Wahtomy or impact counsel's ability to defend the case. *See Vieth Affidavit, supra*, at ¶ 9. The stipulated facts—that the individuals involved were tribal members and that the "events in question occurred on the Fort Hall Indian Reservation"—could easily be proven by the government. *Id.* It is a reasonable strategy to focus the jury's attention on the credibility of the victim rather than on the jurisdiction issue. Moreover, Wahtomy cannot show that he was prejudiced, as the Government had sufficient evidence to prove its case absent the stipulations.

Wahtomy claims that because the stipulation used the language "happened" instead of "allegedly happened" on the Reservation, the jury could have believed it was an admission of guilt. The Court disagrees. The Court instructed the jury concerning the stipulation that the alleged events were still "in question." *See Trial Transcript (Dkt 127)* at p. 40. Defense counsel vigorously contested this issue at trial. There was no possibility that the jury could have concluded that Wahtomy was admitting guilt.

### 4. Failure to Call Wahtomy to the Stand

Wahtomy contends that his counsel was ineffective for failing to call him to the stand to testify on his own behalf.  He further argues that his counsel's actions denied him the constitutional right to testify.  This denial-of-the-right-to-testify argument is precluded by *United States v. Edwards*, 897 F.2d 445 (9th Cir. 1990).  Wahtomy waived his right to testify when he was "silent in the face of his attorney's decision not to call him as a witness."  *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993) (citing *Edwards*, 897 F.2d at 447).  Accordingly, the Court will only address whether Wahtomy's counsel was ineffective.

Wahtomy argues that his testimony was needed to contradict the alleged victim's testimony.  But it would have made no difference.  The evidence against Wahtomy – including his own admission that he had penetrated the victim once with a foreign object – was overwhelming.  Consequently, he cannot show prejudice under *Strickland.*

### 5. Failure to Move for Severance

Wahtomy next argues that his counsel was ineffective for failing to file a motion requesting severance from his co-defendant, Martin Auck.  Rule 14 provides that "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant," then "the court may . . . sever the defendants' trials, or provide any other relief that justice requires."  *See* Fed.R.Crim.P. 14(a).  Severance is appropriate under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . ."  *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993).

Wahtomy argues that his counsel should have moved for severance because Auck's testimony at trial was prejudicial. A review of the record shows the contrary. Auck testified at trial that he did not see Wahtomy do anything sexual to the victim and did not see him penetrate her with the dowel or any other object. *See Trial Transcript (Dkt. No. 129)* at p. 567. He explained his earlier statement to the police that Wahtomy did penetrate the victim – a statement that was confirmed by Wahtomy himself – as a drunken mistake. Thus, Auck's defense was not antagonistic to Wahtomy's defense. Additionally, it was not irreconcilable with Wahtomy's defense because acceptance of Auck's testimony would not have precluded acquittal of Wahtomy on the sexual assault charge. *See United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

Wahtomy further argues that had the trials been severed, Auck would have asserted his Fifth Amendment right and not offered his testimony at Wahtomy's trial. There is no support for this claim in the record. The fact that Auck was willing to testify in the "joint trial in which his own guilt was the question before the jury" demonstrates the fallacy in Wahtomy's argument. *Id.*

Given the nature of Auck's defense and testimony, a reasonable attorney could have determined that a joint trial would not result in the level of prejudice required for the Court to grant severance under Rule 14. Accordingly, a reasonable attorney could have decided not to motion for severance. Furthermore, even if defense counsel had made the motion, the Court would not have granted severance given the limited prejudicial nature

of the co-defendants' defenses. Therefore, the result of the proceeding would not have differed.

### 6. Failure to Make a Plausible Showing of Bias

Lastly, Wahtomy argues that his counsel was ineffective for failing to make a plausible showing that tribal court judge was biased and unable to make a neutral decision regarding probable cause. The government asserts that Wahtomy cannot raise this claim because the issue was raised and decided on direct review. *See United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999) (holding that an issue that is presented on direct appeal and rejected on the merits is "binding on the resolution" of a §2255 motion). The Court disagrees and finds that the issue has not yet been resolved. Accordingly, the Court will address whether Wahtomy's counsel was ineffective in failing to make a plausible showing of bias.

Wahtomy asserts that he had information within his personal knowledge that could have strengthened his claim for issuance of a subpoena. He claims that if his counsel had proffered this information, the Court would have found basis for issuing the subpoena. However, Wahtomy does not state any new information in his present motion to give merit to his claims. Wahtomy's statements are conclusory, vague, and nearly identical to the allegations in his motion to subpoena the judge. Conclusory statements, without more, are insufficient to require a hearing on this matter. *Johnson*, 988 F.2d at 945. Because Wahtomy proffers no new information that his defense counsel allegedly failed to proffer, the Court finds that his counsel's defense of the subpoena was adequate.

## CONCLUSION

Wahtomy has demonstrated neither deficient performance nor prejudice on any of the asserted grounds of ineffective assistance of counsel. As stated in *Strickland*, "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client the same way." *Strickland*, 466 U.S. at 689 (citations omitted). In assessing counsel's overall performance, the Court is confident that Wahtomy received the effective assistance of counsel necessary to maintain the integrity of the adversarial process as required by *Strickland*. Accordingly, Wahtomy's § 2255 Motion shall be dismissed.

## CERTIFICATE OF APPEALABILITY

Wahtomy cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when Wahtomy has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion on procedural grounds, a claimant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion on the merits, a claimant must show that reasonable jurists would find the court's decision to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Wahtomy's claims to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

The Court will issue a separate Judgment as required by Rule 58(a).

DATED: August 29, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court